| | |
|---|---|
| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS AUSTIN DIVISION |

| | | |
|---|---|---|
| TERESA FIVEASH, et al., | § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | No. 1:20-cv-00866-RP |
| US CORRECTIONS, LLC, et al., | § § § | |
| *Defendant(s)*. | § | |

# PLAINTIFF TERESA FIVEASH'S
# OBJECTION(S) TO THE REPORT & RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

In accordance with Fed. R. Civ. P. 72, Plaintiff Teresa Fiveash (referred to as "Fiveash") objects to the Report and Recommendation of the United States Magistrate Judge (Doc. 33) for the reasons explained below.

## I. Background

Fiveash, individually and on behalf of all others similarly situated, sued Defendant US Corrections, LLC (referred to as "USC") and Defendant South East Personnel Leasing, Inc. (referred to as "SEPL") claiming that they are jointly and severally liable to her and others for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). (*See generally*, Pl.'s Compl. (Doc. 1).) USC moved dismiss the complaint under Rule 12(b)(5) and Rule 4(m) for untimely service. (*See*

*generally*, USC's Mot. Dismiss (Doc. 14).) The Court referred the motion to United States Magistrate Judge Dustin M. Howell for report and recommendation. He recommended that the motion be granted. (*See*, Rep. & Recomm. (Doc. 33) p. 6.) For the reasons explained below, Fiveash objects to the magistrate judge's Report & Recommendation (Doc. 33) and requests that the Court deny USC's Motion to Dismiss (Doc. 14).

## II. Argument & Authorities

### A. Standard of Review

A district judge "must consider timely objections [to a magistrate judge's order] and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also*, *Tolan v. Cotton,* No. H-09-1324, 2010 U.S. Dist. LEXIS 147508, at *5 (S.D. Tex. Mar. 25, 2010) (citing Fed. R. Civ. P. 72(a) and 29 U.S.C. § 636(b)(1)(A)) (sustaining objections to magistrate judge's order).

### B. Fiveash Objects to the Magistrate Judge's Recommendation That USC's Motion to Dismiss for Untimely Service be Granted Because the Magistrate Judge Applied the Wrong Standard

Citing Rule 12(b)(5), the magistrate judge held that Fiveash's complaint should be dismissed for "insufficient service of process." (Rep. & Recomm. (Doc. 33) at 2-3 (citing Fed. R. Civ. P. 12(b)(5)).) That rule, though, has nothing to do with the timing of service and everything to do with the *method* of service. *See*, *Adams v. Allied Signal*

*Gen. Aviation Avionics*, 74 F.3d 882, 884 n.2 (8th Cir. 1996) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1353, at 277 (2d ed. 1990)). And there is nothing in the record to suggest that the method of service was improper. In other words, the magistrate judge's recommendation to dismiss was colored by a conflation of Rule 12(b)(5) and Rule 4(m). Accordingly, Fiveash objects to the recommendation that her Complaint (Doc. 1) be dismissed.

C. **Fiveash Objects to the Magistrate Judge's Recommendation That USC's Motion to Dismiss for Untimely Service be Granted Because the Evidence Establishes "Good Cause" for Failing to Serve Within 90 Days After the Complaint Was Filed**

Rule 4(m) provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "[U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within [the time set by Rule 4(m)], it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting *Adams v. AlliedSignal Gen. Aviation Avio*nics, 74 F.3d 882, 887 (8th Cir. 1996)). "To warrant a discretionary extension, the plaintiff must establish excusable neglect." *Id.*

The rules do not define the term "good cause," and "courts have not given conclusive meaning to the phrase." *Kurka*, 628 F.3d at 957 (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002)). "A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Id.* (quoting *Adams*, 74 F.3d at 887). Courts have provided a few examples of situations where good cause is likely to be found:

> (1) the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, (2) the defendant has evaded service of the process or engaged in misleading conduct, (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or (4) the plaintiff is proceeding pro se or in forma pauperis.

*Id.* (quoting Wright & Miller, *Federal Practice & Procedure* § 1137). "In determining whether good cause exists, the district court must focus primarily 'on the plaintiff's reasons for not complying with the time limit in the first place.'" *Id.* at 958 (quoting *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997)).

As a threshold matter, USC's motion to dismiss should be denied because it has not appointed a registered agent as required by law. Under Texas law, all domestic and foreign corporations, like USC, must designate and maintain registered agents for service of process in Texas. Tex. Bus. Org. Code § 5.201(a), (b). Additionally, its name

is also deceptively similar to another corporation run by the same individuals, albeit organized in a different state. (*See, e.g.*, Def.'s Mot. Dismiss (Doc. 14) p. 2, n.1.) The motion should also be denied because this case was stayed until the Fifth Circuit's mandate issued in a related case. (*See*, Order (Doc. 16) p.1.) The decision in that case actually involved USC and had the potential to dispose of this case in its entirety. (*Id.*) These facts, which are undisputed, evidence the good cause standard in Rule 4(m) that requires the Court to extend the time for service of process—and deny USC's Motion to Dismiss (Doc. 14). Accordingly, Fiveash objects to the recommendation that her Complaint (Doc. 1) be dismissed.

**D. Fiveash Objects to the Magistrate Judge's Recommendation That USC's Motion to Dismiss for Untimely Service be Granted Because Even if Good Cause Was Not Established, Dismissal is Not Required**

Even if good cause is not established, Rule 4(m) permits a judge to "order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also*, *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) ("Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service.") (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996)). A discretionary extension may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)). In fact, under

*Millan*, dismissal is only appropriate where there is "a clear record of delay" or "contumacious conduct" by the plaintiff. *Millan*, 546 F.3d at 326. A "clear record of delay" must be more than "a few months[,]" and dismissal is generally reserved for "egregious and sometimes outrageous delays." *Id*. at 326-27. And "contumacious conduct" is not satisfied by mere "negligence—regardless of how careless, inconsiderate, or understandably exasperating" it is. *Id*. at 327. Rather, the conduct must evince a "stubborn resistance to authority[.]" *Id*. (internal quotation marks and citation omitted); And under the Fifth Circuit rule, a dismissal generally is appropriate only if the plaintiff himself (not his attorney) has caused the delay, there is actual prejudice to the defendant, or there is delay caused by intentional conduct. *Millan*, 546 F.3d at 326.

In this case, although the magistrate cited *Millan*, he ignored it. It clearly countenances denial of USC's Motion to Dismiss (Doc. 14). After all, considering Fiveash's dates of employment (Pl.'s Compl. (Doc. 1) ¶ 18), dismissal is potentially case ending. Accordingly, Fiveash objects to the recommendation that her Complaint (Doc. 1) be dismissed.

### III. Conclusion

For the reasons explained above and in accordance with Fed. R. Civ. P. 72, Fiveash objects to the magistrate judge's Report & Recommendation (Doc. 33) because it is clearly erroneous and contrary to law. *See*, Fed. R. Civ. P. 72(a). She therefore

– 7 –

requests that the Court sustain her objection and deny USC's Motion to Dismiss (Doc. 14).

        Respectfully Submitted,

        MOORE & ASSOCIATES
        Lyric Centre
        440 Louisiana Street, Suite 1110
        Houston, Texas 77002-1055
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        By: _/s/ Melissa Moore_____
        Melissa Moore
        Tex. Bar No. 24013189
        melissa@mooreandassociates.net

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served a copy of this document on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) as follows:

>Ms. Mary E. Buckley
>mbuckley@cgwg.com
>Mr. Gregory J. Northern
>gnorthen@cgwg.com
>CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
>500 President Clinton Avenue, Suite 200
>Little Rock, Arkansas 72201
>Facsimile: 501-371-0035
>*Attorney(s) for US Corrections, LLC*
>☐ mail
>☐ personal delivery
>☐ leaving it at ☐ office ☐ dwelling
>☐ leaving it with court clerk
>☐ electronic means
>☐ other means
>☒ CM/ECF system

Ms. Heidi J. Gumienny
hgumienny@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
1900 West Loop South, Suite 1000
Houston, Texas  77027
Facsimile: (713) 961-3938
*Attorney(s) for South East Personnel Leasing, Inc.*

- ☐ mail
- ☐ personal delivery
- ☐ leaving it at ☐ office ☐ dwelling
- ☐ leaving it with court clerk
- ☐ electronic means
- ☐ other means
- ☒ CM/ECF system

December 15, 2021
Date

*/s/ Melissa Moore*
Melissa Moore