# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **TERESA FIVEASH,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  A-20-CV-00866-RP** |
| | § | |
| **SOUTH EAST PERSONNEL** | § | |
| **LEASING, INC.,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Defendant South East Personnel Leasing, Inc.'s motion for summary judgment, Dkt. 38; and all related briefing.  After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.     BACKGROUND

Plaintiff Teresa Fiveash brought this collective action under the Fair Labor Standards Act on behalf of herself, and all current and former employees of US Corrections, LLC ("USC")[1] and South East Personnel Leasing, Inc. ("SEPL") who worked as extradition officers, and according to Fiveash, were not paid overtime in violation of the FLSA. Dkt. 1, at 2, 6. Fiveash brought causes of action against  SEPL

---

[1] US Corrections LLC is no longer a defendant in this lawsuit. *See* Dkt. 37.

and USC, as her joint employers, for failure to pay overtime, willful violations of the FLSA, and seeks liquidated damages and attorneys' fees under the statute. *Id.* at 9-13.

SEPL is a staff leasing company that provides certain outsourced administrative services to clients, including USC. Dkt. 38-3, at 1. Fiveash served as a "leased employee" for SEPL between approximately June 13, 2019, and March 15, 2020, where she operated commercial motor vehicles, transporting prisoners and inmates to and from prisons and jails across the country. Dkt. 38-3, at 2; Dkt. 38-6, at 4. USC operates as a "contract carrier of passengers by motor vehicle in interstate or foreign commerce." Dkt. 38-9. While Fiveash exclusively transported prisoners in vehicles designed to transport eight or more passengers, her driver logs reveal that she did not always transport eight or more prisoners, including herself, in these vehicles. Dkts. 38-7; 38-8.

SEPL moved for summary judgment, arguing that because USC's prisoner transportation drivers are subject to the Secretary of Transportation's authority, the work performed by Fiveash and others is not covered by the FLSA under the Motor Carrier Act ("MCA") exemption. Dkt. 38, at 7. Fiveash responds that SEPL has not met its burden of demonstrating that the MCA exemption applies in this case, and in any event, a genuine issue of fact as to the applicability of the MCA exemption precludes summary judgment in this case. Dkt. 41, at 13.

## II.    LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations and footnote omitted). When reviewing a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Further, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

If the moving party does not bear the ultimate burden of proof, after it has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). When the movant bears the burden of proof, she must establish all the essential elements of her claim that warrant judgment in her favor. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). In such cases, the burden then shifts to the nonmoving party to establish

the existence of a genuine issue for trial. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Further, the nonmovant is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin All. v. Westphal*, 230 F.3d 170, 175 (5th Cir. 2000).

### III.    ANALYSIS

SEPL moved for summary judgment on the basis that Fiveash and the other employees she represents are not covered by the FLSA. Dkt. 38, at 9. Specifically, SEPL argues that the MCA exemption applies to the work performed by Fiveash and the other extradition officers she represents, and as such, she cannot bring any claims against SEPL under the FLSA. *Id.* at 9-17. Fiveash responds that SEPL has not met its burden of demonstrating that the MCA exemption applies to Fiveash's work for

SEPL and USC, and that in any event, the Court should exercise its "negative discretion" to deny the motion for summary judgment. Dkt. 41, at 14.

The crux of the parties' dispute revolves around whether the MCA exemption applies to Fiveash's work as an extradition officer for SEPL and USC. *Compare* Dkt. 38, *with* Dkt. 41. The FLSA generally requires employers to pay employees who work more than forty hours in a workweek at least one and one-half times the employees' regular rate for each hour in excess of forty. 29 U.S.C. § 207(a)(1). The MCA exception, however, applies to employees over "whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the [MCA]." *Id.* § 213(b)(1). The MCA in turn allows the Secretary of Transportation to promulgate regulations to define employees exempt under the MCA exception. 49 U.S.C. § 31502(b).

The Department of Transportation ("DOT") has defined employees exempted under the MCA as those who: "(1) [a]re employed by carriers whose transportation of passengers or property by motor vehicle is subject to [the Secretary of Transportation's] jurisdiction under section 204 of the [MCA] ... and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA]." 29 C.F.R. § 782.2(a). Work that falls under activities affecting safety or property includes "the work of drivers, driver's helpers, loaders, and mechanics employed by such carriers." 29 C.F.R. § 782.2(b)(1). A driver is defined as "an individual who drives a motor vehicle in

transportation which is, within the meaning of the MCA, in interstate or foreign commerce." 29 C.F.R. § 782.3(a).

"For the motor carrier exemption to apply ... [the employees] must meet both of these requirements." *Barefoot v. Mid-Am. Dairymen, Inc.,* No. 93-1684, 1994 WL 57686, at *2 (5th Cir. Feb. 18, 1994) (per curiam) (unpublished). SEPL has the burden to prove that the MCA exemption applies. *Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016); *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990). SEPL argues that both requirements set forth in 29 C.F.R. § 782.2(a) apply to the work Fiveash performed as an extradition officer for USC and SEPL. Dkt. 39, at 9-16.

First, SEPL argues that the transportation services conducted by Fiveash are subject to the DOT's jurisdiction because Fiveash operated a vehicle that was "designed or used to transport 8 or more passenger (including the driver) for compensation." *Id.* at 9-10 (citing 49 U.S.C.A. § 31132). In support of this argument, SEPL points to USC's interrogatory response indicating that extradition officers all operated "commercial motor vehicles (passenger vans designed to transport 8 or more passengers) to securely transport prisoners and inmates to and from prisons and jails across the country via public highways and interstates (interstate travel)." Dkt. 38-6, at 4. SEPL also attached Fiveash's driver logs to its motion, which show that she used a passenger van capable of transporting 8 or more individuals, including herself, during every workweek of her employment. Dkts. 38, at 11; 38-7; 38-8.

Fiveash did not attach any evidence to her response to dispute the fact that she exclusively transported prisoners in vehicles capable of holding 8 or more

passengers, but rather argues that SEPL has failed to meet its burden on this prong because the MCA exemption only applies to passenger vans weighing less than 10,001 pounds. Dkt. 41, at 18-19. However, Fiveash presented no evidence regarding the weight of the passenger vans at issue, and instead merely referenced her complaint. Dkt. 41, at 9 (citing Dkt. 1, at 5 (alleging that "Fiveash was responsible for transporting inmates between prisons and other facilities in passenger vans weighing less than 10,000 pounds.")). Moreover, the statutory framework defines a "commercial motor vehicle" as one that "is designed or used to transport more than 8 passengers (including the driver) for compensation," and case law suggests that employees such as Fiveash are under the jurisdiction of the DOT. 49 U.S.C. § 31132(B); *see White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021) ("the regulations indicate that employees of private prisoner transportation companies are regulated by both the Department of Transportation and the Department of Justice.").

Indeed, section 31132 defines a "commercial motor vehicle" as one that: (A) has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater; (B) is designed or used to transport more than 8 passengers (including the driver) for compensation; (C) is designed or used to transport more than 15 passengers, including the driver, and is not used to transport passengers for compensation; *or* (D) is used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of this title and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103. 49 U.S.C. § 31132.

While Fiveash insists that the MCA exemption only applies to employees that "are engaged in activities that directly affect the operational safety of commercial vehicles that weigh over 10,000 pounds," the undersigned finds that SEPL may satisfy its burden to demonstrate DOT jurisdiction over Fiveash and similarly situated employees by relying on section 311132(B) because the use of the disjunctive "or" to separate the final item in section 11132's list from the penultimate one is indicative of a structure "traditionally used to indicate a list of alternatives." Dkt. 41, at 18; *Avery v. Chariots For Hire*, 748 F. Supp. 2d 492, 499 (D. Md. 2010) (finding, in context of Section 13312, that "the only reasonable interpretation is that the series of items was meant to be a list of alternatives"); *see also Quindlen v. Prudential Ins. Co. of Am.*, 482 F.2d 876, 878 (5th Cir. 1973) ("as a general rule, the use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately"). The vehicle at issue here may thus qualify as "commercial motor vehicles" under *either* subsection A *or* B of section 31132, and SEPL has met its burden of demonstrating that Fiveash was subject to the jurisdiction of the DOT under section 31132(B).

Fiveash also contends that the MCA exemption cannot apply to SEPL since it is not a motor carrier as defined under the statute. Dkt. 41, at 19-21. As SEPL emphasizes, however, the Fifth Circuit has held that a staff leasing company may be properly considered a carrier subject to the MCA where it was a joint employer with a carrier. *Songer v. Dillon Res., Inc.*, 618 F.3d 467, 473 (5th Cir. 2010*), abrogated on other grounds by Amaya v. Noypi Movers, L.L.C.*, 741 Fed. Appx. 203 (5th Cir. 2018)

("staff leasing company who provides drivers to [motor carriers] to fulfill interstate work orders from clients for compensation" was joint employer subject to MCA exemption).[2] Fiveash counters that *Songer* directly conflicts with Supreme Court and Fifth Circuit precedent and should be disregarded. Dkt. 41, at 21 (citing *Boutell v. Walling*, 327 U.S. 463 (1964); *Steinmetz v. Mitchell*, 268 F.2d 501 (5th Cir. 1959)). Yet as SEPL points out, neither of these cases "involved an allegation that a non-carrier, such as a staff leasing company or professional employer organization, jointly employed the plaintiff employee along with a motor carrier," and as such, neither is in conflict with *Songer*. Dkt. 42, at 6. The undersigned agrees. Here, unlike the plaintiffs in *Boutell* or *Steinmetz*, Fiveash alleged that USC, a motor carrier, and SEPL served as her joint employers. Dkt. 1, at 2, 5; *Boutell*, 327 U.S. 463; *Steinmetz*, 268 F.2d 501. The undersigned finds that SEPL, as a joint employer of Fiveash with motor carrier USC, thus qualifies as a motor carrier for the purposes of application of the MCA exemption. *See Songer*, 618 F.3d at 473.

Second, SEPL argues that is has met its burden of showing that Fiveash "engage[d] in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA]" so as to satisfy

---

[2] *See also Tidd v. Adecco USA, Inc.*, No. CIV.A. 07-11214-GAO, 2010 WL 996769, at *2 (D. Mass. Mar. 16, 2010) (Because the MCA exemption serves to "safeguard[] the Secretary of Transportation's authority to regulate the qualifications and maximum hours of employees whose work affects the 'safety of operation' of a motor carrier … [r]efusing to extend the Motor Carrier Act exemption to the staffing agency defendants would therefore facilitate what Congress sought to prohibit[:] circumvention of the Secretary's regulatory authority." (internal citations removed)).

the second prong of the requirements set forth in 29 C.F.R. § 782.2(a). Dkt. 38, at 12-16; *see also* Dkt. 42, at 4-6. Fiveash responds that SEPL has not met its burden because transporting inmates does not implicate interstate commerce. Dkt. 41, at 19. Fiveash argues that it is "self-evident" that "transporting persons against their will between penal institutions … has nothing to with *commerce*." *Id.* at 19. Yet Fiveash cites no authority in support of the argument that the governmental aspect of the transportation renders it outside of interstate commerce. *See id.* Moreover, Fiveash failed to attach to her response any evidence rebutting the fact that extradition officers like Fiveash "transport prisoners and inmates to and from prisons and jails across the country via public highways and interstates (interstate travel)." Dkt. 38-6, at 4. Fiveash has thus failed to meet her burden of identifying specific evidence on the record raising of genuine issue of material fact as to whether she engaged in interstate commerce *See Adams*, 465 F.3d at 164 ("failure on the part of the nonmoving party to offer proof concerning an essential element of its case … mandates a finding that no genuine issue of fact exists.").

Because SEPL has met its burden of demonstrating that there is no genuine issue of material fact regarding the applicability of the MCA exemption to Fiveash's work, the undersigned finds that the MCA exemption bars Fiveash's FLSA overtime claims.[3] Furthermore, the undersigned declines Fiveash's invitation to use its

---

[3] Because Fiveash cannot bring FLSA overtime claims against SEPL, her recordkeeping and failure-to-post-notice claims brought under the FLSA should also be dismissed. Moreover, neither of these claims are viable as causes of action separate from Fiveash's overtime claims. *O'Quinn v. Chambers Cty., Tex.*, 636 F. Supp. 1388, 1392 (S.D. Tex.), *amended on other grounds*, 650 F. Supp. 25 (S.D. Tex. 1986) (no private right of action to enforce recordkeeping provision of FLSA); *Rosales v. Heb Grocery Co., LP*, No. CV H-14-3187, 2016 WL 3458214, at

discretion to deny SEPL's motion for summary judgment. SEPL's motion for summary judgment should be granted.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** SEPL's motion for summary judgment, Dkt. 38, and **DISMISS WITH PREJUDICE** Fiveash's claims against SEPL.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

---

*3 (S.D. Tex. June 24, 2016) (remedy for violation of failure to post required notices under the FLSA is tolling of statute of limitations period).

SIGNED April 13, 2022.


DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE